ROGERS, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 7—May 1, 1923.*

*Criminal law: Testimony as to alias of accused: Harmless error: Self-incrimination: Assuming different clothes to aid identification: Objection or protest: Instructions.*

1. In a criminal prosecution growing out of a bank robbery by several men, testimony by a member of the police department of another state that he had known one of defendants under

different names, stating them, and testimony by a deputy warden of a state penitentiary that he had known another defendant under a different name, unstated, is *held*, even though erroneously received, not prejudicial error in view of the entire record.

2. Where a witness had been at first unable to identify accused, but had positively identified him after accused had put on certain clothes and a cap and sat in an automobile, it is *held* that such evidence of identity was admissible and not a violation of the constitutional exemption of the accused from being compelled to give evidence against himself.

3. An instruction requiring a finding by the jury of a conspiracy to rob the bank is not prejudicial, though such portion of the instruction should not have been given, because, if defendant was outside the bank as watch or guard and an active participant in the escape of the other defendants, the jury could have properly come to the conclusion that he was a direct participant in the affair.

ERROR to review a judgment of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Affirmed.*

On Friday, September 24, 1920, at 3 p. m., three or four men entered the Exchange Bank of Oshkosh just at closing time. They compelled some of the bank officials to stand up with their faces to the wall and several revolver shots were fired, two of them striking one John E. Glatz, the bank teller, who was standing just inside a compartment railing. Some money was stolen, but on account of an alarm being sounded the men rushed out and then five men drove away in an automobile which had been stationed in front. On the 27th the defendants herein, *Rogers,* Turner, and King, were arrested at Chippewa Falls and brought to Oshkosh. They were charged in three counts: first, assault with deadly weapons with intent to rob John E. Glatz; second, assault with intent to kill and murder him; and third, with burglary of the bank. The third count was dismissed on the trial, and the jury returned a verdict of guilty on the two counts against all. After motions subsequent to verdict they were each sentenced to a term of thirty years in the state prison.

To review such judgment the plaintiff in error, *Rogers,* hereinafter designated as defendant, sued out this writ of error.

*L. H. Bancroft* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *D. K. Allen,* district attorney of Winnebago county, and oral argument by *Mr. Allen* and *Mr. J. E. Messerschmidt.*

ESCHWEILER, J.   Defendant seeks to have the judgment reversed and that he be discharged or a new trial granted on his assignments of errors, to wit: that there was insufficient evidence of his identification with the transaction; that testimony was improperly received as to his having been known by other names; that evidence as to his identification was improperly received from witnesses who based their testimony in part upon having seen him while in custody and after he had put on certain clothing and a cap and was seated in an automobile; error in the charge; and disregard of the evidence as to an *alibi.*

There is testimony showing that the three defendants had lived in summer cottages in the neighborhood of Oshkosh for several months preceding the transaction and were more or less together during that period.   The affair at the bank took place in daylight and occupied but a very few moments. An examination of the record satisfies us that there was sufficient evidence from persons near the bank at the time to prove that defendant was on the outside of and near the bank just before the shots were fired and was in the front seat of the automobile in which the five men rushed away from the bank immediately after the alarm.

A member of the police department of St. Paul, Minnesota, and in charge of the bureau of identification, testified, over objection, that he had known defendant since 1917 at

St. Paul and under the names of Hyland and Meehan. A deputy warden of the South Dakota penitentiary since December, 1919, testified, also over objection, that he had known the defendant King under another name, but was not asked to and did not testify as to the defendant *Rogers*. The testimony of the first officer, even though erroneously received, cannot be deemed prejudicial error in view of the entire record, and still less that of the second, so far at least as this defendant is concerned.

A witness for the state was at a window in his place of business opposite the bank at the time of the crime. When he first saw defendant in custody witness was uncertain whether defendant was in fact the man he had seen in the automobile. A few days afterwards the witness, seeing the defendant in an automobile and wearing clothes and a cap like the one the witness thought the man he saw had worn, was quite positive as to the identity. The defendant objected to such evidence being received on the ground that it violated his constitutional exemption from being compelled to give evidence against himself, in that the fact of his being in custody, donning such cap, and sitting in the automobile implied that such was done by reason of coercion or duress of the officials. Upon the objection on these grounds being interposed the court stated: "So far as it appears he may have gone voluntarily." No showing was then or at any time made or offered to be made by defendant in support of such objection of anything tending to show that any force had been then used or that defendant had objected or protested. Upon the record we can find no error in this regard. *Thornton v. State,* 117 Wis. 338, 93 N. W. 1107.

The court charged the jury, among other things, as follows:

"It is undisputed that an attempt was made to rob that bank on the day alleged and that it was robbed of a certain sum of money and that Mr. John E. Glatz was shot and

severely wounded.  There is no definite proof as to who fired that shot, but *if you find that these defendants in connection with others were engaged in a conspiracy to rob the bank and in so doing one of them shot Mr. Glatz, then they are all of them equally guilty.  It does not matter which one fired the shot; if they were acting through a conspiracy, in concert with each other, in this attempt to commit the crime of robbing the bank, then the acts of one become the acts of all."*

The defendant filed written exceptions· to the ·italicised. part of such charge and here contends that such was erroneous and prejudicial.  There is no dispute about the fact that · *Rogers* was not within the bank at any of the time when the shots were fired and the money taken.  It is argued that, there being no conspiracy charged and no evidence introduced showing any prior agreement or understanding, the effect of such charge was to authorize the jury to convict this defendant of the two crimes of which the three were found guilty, namely, of assault with deadly weapons with intent to rob, and a similar assault with intent to kill and murder, though there was no proof of such two other offenses having been contemplated or as a part of any contemplated burglary, the count for which was not submitted to the jury.

While it may be conceded that the excepted-to portion of the charge as to conspiracy should not have been given, yet we cannot deem such error, if error it was, prejudicial. ᐧAt most it required a finding by the jury of an additional condition to be proven by the state, namely, that there was a prior understanding between the defendant and the others concerned in this transaction that there could be a resort to deadly weapons in the affair·in question.  If, however, defendant *Rogers* was outside the bank as watch· or guard and an active participant in the immediate and hasty escape of the others, the inference was a proper one for the jury to reach that he was an actor in all of the transactions going on

within the bank, and they could properly come to the con-
clusion that he was as much a direct participant in the two
assaults of which he was found guilty as of the burglary.'
For these reasons, therefore, this assignment of error also
cannot be sustained.

Testimony was given tending to show that defendant was
elsewhere at the time of the occurrence. Such evidence pre-
sented a question of fact, and we cannot say that the jury
were unwarranted in finding contrary to such evidence. Be-
ing convinced that the defendant had a fair trial his convic-
tion must stand.

*By the Court.*—Judgment affirmed.